IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD M. BACA,

    Plaintiff,

v.          No. 20-cv-0122 WJ-GBW

NEW MEXICO
DEPARTMENT OF CORRECTIONS, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Richard Baca's Prisoner Civil Rights Complaint (Doc. 1). Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis*. He alleges prison officials violated his First Amendment religious freedoms by confiscating his Satanic bible. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court find the claims fail as a matter of law and will dismiss the Complaint with prejudice.

### BACKGROUND[1]

Plaintiff is incarcerated in the Penitentiary of New Mexico (PNM). *See* Doc. 1 at 1. When he arrived in 2018, prison officials searched and catalogued his property. *Id.* at 2. The property included a Satanic bible, which was confiscated. *Id.* at 4. Plaintiff complained to PNM Warden Dave Farjardo and Chaplain Robert Ortiz, but he was told the Satanic bible promotes violence and poses a security threat. *Id.* at 2-4. An unspecified prison official also allegedly told Plaintiff that

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 1). For the limited purpose of this ruling, the Court assumes Plaintiff's allegations are true.

the New Mexico Corrections Department (NMCD) does not recognize Satanism as a religion. *Id.* at 2. Plaintiff then asked Warden Farjardo and Deputy Warden Arthur Suazo for his bible during their rounds. *Id.* at 4. They again explained it promotes violence. *Id.* Plaintiff asked whether they read the Satanic bible, and Suazo allegedly responded: "I don't read that junk." *Id.* at 4.

On November 8, 2018, Plaintiff filed a formal grievance with the NMCD. NMCD denied the grievance, stating:

> Satanic Bible is not approved at NMCD Facilities. Satanic Bible is not permitted in prison because some of the text and teachings potentially permitted hatred and violence. Courts have long held Satanic Bibles are not permissible in prison facilities; because of the potentially violent teachings create a security risk within them.

*See* Doc. 1 at 9. The Complaint suggests Plaintiff was permitted to retain his bible at another NMCD facility, notwithstanding the policy. *Id.* at 2, 4. Although the circumstances of that determination are unclear, the NMCD website reflects that PNM is the only super-max facility in New Mexico. *See* https://cd.nm.gov/divisions/adult-prison/nmcd-prison-facilities/penitentiary-of-new-mexico. As part of the grievance response, Chaplain Ortiz also alleged sent Plaintiff a "condescending" letter-pamphlet stating he could not have a Satanic bible; Satanism is wrong; and "their religion is right." *Id.* at 2-3.

Construed liberally, the Complaint raises claims under the First Amendment free exercise clause against four Defendants: (1) NMCD; (2) Warden Farjardo; (3) Deputy Warden Suazo; and (4) Chaplain Ortiz. *See* Doc. 1 at 1-3. Plaintiff seeks $1.5 million in damages along with a declaratory judgment that prisoners are allowed to practice Satanism and have a copy of Satanic literature. *Id.* at 6. Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## STANDARD OF REVIEW

The Court has discretion to dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(b). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* "At the same time, … it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

## DISCUSSION

Plaintiff raises claims under 42 U.S.C. § 1983, the "remedial vehicle for [addressing the] violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The claims here concern the First Amendment right to religious freedom. "Inmates ... retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). However, Congress anticipated that courts entertaining prisoner religious practices cases would accord "due deference to the experience and expertise of prison and jail administrators." *Cutter v. Wilkinson,* 544 U.S. 709, 717 (2005). The prison restrictions at issue must be "more than an inconvenience to one's religious practice." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1316 (10th Cir. 2010) (quotations omitted). An "accommodation of religious observances" cannot be placed "over an institution's need to maintain order and safety." *See Cutter v. Wilkinson*, 544 U.S. 709, 722 (2005).

To state a claim under the First Amendment, the plaintiff must plead facts allowing an inference that the prison regulation at issue "substantially burdened sincerely-held religious beliefs." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). A prison action that substantially burdens beliefs is nonetheless valid "if it is reasonably related to legitimate penological interests." *Id.* (internal quotation marks omitted). As a result, an inmate "must also plead facts from which a plausible inference can be drawn that the allegedly impinging action was not reasonably related to

4

a legitimate penological interest." *Blair v. Raemisch*, 804 Fed. App'x 909, 916 (10th Cir. 2020) (quoting *Gee v. Pacheco,* 627 F.3d 1178, 1187-88 (10th Cir. 2010)). *See also Al-Owhali v. Holder,* 687 F.3d 1236, 1240 (10th Cir. 2012) (In an analysis under Rule 12(b)(6), "a court need only assess, as a general matter, whether a prison regulation is reasonably related to a legitimate penological interest."). Legitimate penological interests include "security, order, and rehabilitation." *Procunier v. Martinez*, 416 U.S. 396, 413 (1974).

Plaintiff has not demonstrated his right to practice Satanism was burdened in any significant way by not having a copy of the Satanic bible or by receiving a critical pamphlet/comment. He also failed to plead facts undermining NMCD's explanation for banning the Satanic bible. The attachments to the Complaint reflect that NMCD bans the Satanic bible as a security precaution, and on the ground that it promotes hatred and violence. *See* Doc. 1 at 9. The majority of courts of hold that prohibiting the Satanic bible is reasonably related to the legitimate penological interest of maintaining security. *See, e.g., Carpenter v. Wilkinson,* 946 F. Supp. 522, 529 (N.D. Ohio 1996) (quoting extensively from the text of the Satanic bible, and noting that "much of [it] advocates preying on the weak in any way possible for one's own gratification [.]"); *McCorkle v. Johnson*, 881 F.2d 993, 995–96 (11th Cir. 1989) (rejecting First Amendment claim, and noting the "teachings of the Satanic Bible… present a significant threat to security and order within the prison"); *Goninan v. Holmes*, 2014 WL 6966990, at *8 (D. Or. 2014) (same); *Williams v. DeJesus*, 2015 WL 1062054, at *5 (E.D. Va. 2015) (same); *Winford v. Frank*, 2008 WL 359728, at *3 (E.D. Wis. 2008) (same); *Burton v. Frank*, 2004 WL 1176171, at *4 (W.D. Wis. 2004) (same); *Doty v. Lewis*, 995 F. Supp. 1081, 1086–87 (D. Ariz. 1998) (same); *Ruley v. Stovall*, 2012 WL 1038665, at *3 (E.D. Ky. Mar. 27, 2012), *aff'd* (6th Cir. Mar. 11, 2013) (same); *Johnson v. Williams,* 2011 WL 6778711, at *8 (D.

Or. 2011) ("It goes without saying that the [Satanic bible's] authorization of violence and defiance of authority could negatively impact prison staff and other inmates"). *Cf Peterson v. Lampert,* 499 Fed. App'x 782 (10th Cir. 2012) (prison did not violate the First Amendment when it lost Plaintiff's Satanic bible). Accordingly, Plaintiff has not stated a plausible claim under either part of the First Amendment test.

The Court will dismiss the Complaint under 28 U.S.C. § 1915(e). *Pro se* prisoners are often invited to file an amended pleading to remedy defects attributable to their lack of legal knowledge. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, courts need not *sua sponte* invite an amendment when any amended complaint would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Here, amending the Complaint would clearly be futile. The majority of courts uphold bans on the Satanic bible, and Plaintiff cannot recover as a matter of law. Accordingly, the Court declines to *sua sponte* invite an amendment and will dismiss this case with prejudice.

**IT IS ORDERED** that Plaintiff Richard Baca's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and the Court will enter a separate judgment closing the civil case.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE